414 S.E.2d 628

**In the Matter of Leonard CODISPOTI, Magistrate of Logan County.**

No. 20032.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 1992.

Decided Feb. 6, 1992.

John Hedges, The Judicial Investigation Com'n of West Virginia, Charleston, for complainant.

James B. McIntyre, McIntyre, Haviland & Johnson, Charleston, for respondent.

PER CURIAM:

This is a judicial disciplinary proceeding in which the Judicial Hearing Board recommends that the charges against Leonard Codispoti, a magistrate in Logan County, for failing to follow a circuit court's directive and for neglecting his judicial duties be dismissed. After independently examining the record, we concur in the Board's recommendations, and we, therefore, dismiss the charges against Magistrate Codispoti.

On September 28, 1989, Magistrate Codispoti was scheduled for duty during the evening shift. (The evening shift for magistrates in Logan County consists of office hours from 4:00 p.m. to 9:00 p.m. and thereafter remaining on call until 8:00 a.m. the next morning.) However, at the beginning of his shift, Magistrate Codispoti (because he was physically sick and emotionally upset) asked Magistrate James Evans to cover his office hours. Magistrate Evans remained in the office until 8:00 p.m. that evening. However neither magistrate sought the approval of a circuit judge for this trade of duties as required by a di-

rective issued on July 8, 1988 and signed by both Logan County circuit judges, which stated:

> Effective immediately, no magistrate will be allowed to exchange or trade times or shifts with another magistrate without consent of a Circuit Judge.

About 9:00 p.m., Magistrate Codispoti returned to the office to conduct an arraignment and remained at the Courthouse until about 10:30 p.m. when he went home. Shortly thereafter several attempts to contact Magistrate Codispoti at his house failed. In one case, repeated telephone calls were made to Magistrate Codispoti at his house between 11:00 p.m. and 2:00 a.m. In the other case, after the State Police also unsuccessfully tried to telephone Magistrate Codispoti at his house, a city patrolman knocked on the door of Magistrate Codispoti's house for approximately five minutes between 12:30 a.m. and 1 a.m. The patrolman testified that the magistrate's house was dark and that both of his cars were parked there. Because the attempts to contact Magistrate Codispoti were unsuccessful, there was substantial delay and confusion in both cases and additional police work was required.

Magistrate Codispoti testified that except for the one telephone call he received about midnight, he did not hear the telephone ring and did not hear the knocking on his door. Mrs. Codispoti also testified that except for the one telephone call, she did not hear the telephone ring or the knocking on the door. Magistrate Codispoti said that because of his illness he had taken a prescribed medicine that may have produced drowsiness and that a day or two after September 28, 1989 he discovered a malfunction in his telephone, which he fixed.

Magistrate Codispoti testified that he was unaware of the attempts to contact him and did not know that he was needed at the Courthouse.

After J. Ned Grubb, the Chief Judge of the Logan County Circuit Court, was told of the unsuccessful attempts to contact Magistrate Codispoti, he filed a complaint. The Judicial Investigation Commission found that Magistrate Codispoti's actions allegedly violated Canon 2A, Canon 3A(5) and Canon 3B(1) of the *Judicial Code of Ethics* [1989].[1] After a hearing on October 22, 1991, the Judicial Hearing Board recommended that the charges against Magistrate Codispoti be dismissed. The Board concluded that "a Magistrate who reasonably attempts to fulfill his duties does not violate [Canons 2 and 3] of the Judicial Code of Ethics."

 In Syllabus Point 4 of *In re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983), we said:

> Under Rule III(C)(2) (1983 Supp.) of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding "must be proved by clear and convincing evidence."

*In accord,* Syllabus Point 3, *Matter of Crislip,* 182 W.Va. 637, 391 S.E.2d 84 (1990). Following our traditional role in judicial disciplinary matters, we independently evaluated the evidence in the record and considered the appropriateness of the Board's recommendation. In Syllabus Point 1, *West Virginia Judicial Inquiry Commission v. Dostert,* 165 W.Va. 233, 271 S.E.2d 427 (1980), we stated:

---

1. Canon 2A of the *Judicial Code of Ethics* [1989] states:

 A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

 Canon 3A(5) of the *Judicial Code of Ethics* [1989] states:

 A. Adjudicative Responsibilities.

 \* \* \* \* \* \*

 (5) A judge should dispose promptly of the business of the court.

Canon 3B(1) of the *Judicial Code of Ethics* [1989] states:

 B. Administrative Responsibilities.

 (1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.

The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings.

*In accord,* Syllabus Point 1, *Matter of Crislip, supra;* Syllabus, *Matter of Gorby,* 176 W.Va. 11, 339 S.E.2d 697 (1985); Syllabus Point 1, *In re Markle,* 174 W.Va. 550, 328 S.E.2d 157 (1984); Syllabus Point 1, *Pauley, supra.*

■ We find that the evidence in this case does not clearly and convincingly show that Magistrate Codispoti failed to made reasonable attempts to fulfill his duties. The record indicates that on September 28, 1989 Magistrate Codispoti fired his secretary at 4:30 p.m. and became upset and agitated and, indeed, physically sick. Because he was scheduled for the evening shift, at 5:00 p.m. Magistrate Codispoti asked another magistrate to work the office hours of the evening shift. About 9:00 p.m. Magistrate Codispoti returned to the Courthouse to conduct an arraignment and remained at the Courthouse until 10:30. Magistrate Codispoti then took a prescribed medicine that can produce drowsiness as a side effect. Both Magistrate Codispoti and his wife testified that except for the one telephone call about midnight, they did not hear the telephone ring and did not hear the knocking on the door. Later Magistrate Codispoti discovered that his telephone was broken.

Magistrate Codispoti attempted to have his office hours covered by another magistrate and no evidence showed that Magistrate Codispoti evaded or avoided fulfilling his duties. In addition Magistrate Codispoti said that because the trade of duties occurred after 5:00 p.m. Judge Grubb's approval was not readily available and that he understood that only Judge Grubb was to be contacted about schedule changes. We also note that this was an isolated incident and that Judge Grubb had previously commended Magistrate Codispoti on his service as a magistrate.

Although we agree that Magistrate Codispoti failed to perform his judicial duties on September 28, 1989, we find that Magistrate Codispoti made reasonable efforts to fulfill his duties and therefore, no violation of the *Judicial Code of Ethics* [1989] occurred. *See Matter of Harshbarger,* 173 W.Va. 206, 314 S.E.2d 79 (1984) (publicly censuring a magistrate who left his post early and failed to provide public notice concerning where he could be reached); *In re Pauley,* 173 W.Va. 475, 318 S.E.2d 418 (1984) (suspending for six months without pay a magistrate who failed to follow mandatory criminal procedures); *Matter of Osburn,* 173 W.Va. 381, 315 S.E.2d 640 (1984) (publicly reprimanding a magistrate who did not personally appear in his office but, by telephone, authorized the use of his rubber signature stamp on a commitment form).

Based on our independent evaluation of the record, we agree with the Judicial Hearing Board and conclude that the charges against Magistrate Codispoti should be dismissed. Accordingly, the Court dismisses the charges against Magistrate Codispoti.

Charges Dismissed.