490 S.E.2d 323

### In the Matter of Glenn A. VERBAGE, Magistrate for Cabell County.

#### No. 23682.

Supreme Court of Appeals of West Virginia.

Submitted June 3, 1997.

Decided July 2, 1997.

Charles R. Garten, Charleston, Judicial Disciplinary Counsel.

David J. Lockwood, Lockwood, Egnor, Gardner & Cyrus, Huntington.

PER CURIAM:

This complaint in this judicial ethics case charges Cabell County Magistrate Glenn A. Verbage with violating Canons 1, 2A, 3A, 3B(2), and 3B(8) of the Code of Judicial Conduct by refusing to appear to consider a domestic violence petition when he was on duty as an on-call magistrate. The West Virginia Judicial Hearing Board has conducted hearings in the matter and has concluded that, although Magistrate Verbage did in effect, technically violate the Canons, the complaint against him should be dismissed because of the circumstances of the case. After reviewing the documents filed this Court believes that the Judicial Hearing Board is correct in finding that these were violations and is also correct in concluding that mitigating circumstances justify dismissal of the complaint. The recommendation of the Judicial Hearing Board is, therefore, adopted, and the complaint is dismissed.

On April 27 and April 28, 1996, Cabell County Magistrate Glenn A. Verbage was assigned to work as the "on call" magistrate in Cabell County from the hours of 8:00 p.m. on Saturday, April 27, until 8:00 a.m. on Sunday, April 28, 1996. The evidence shows that Magistrate Verbage worked in the magistrate office during the evening hours of April 27 until around midnight, even thought he had the flu, and even though he was feverish and showed other signs of illness.

At 7:00 a.m. on the next morning, Sunday, April 28, 1996, while Magistrate Verbage was still "on call," and an hour before the "on call" assignment ended, the Cabell County 911 Operator contacted him and informed him that a woman named Amy Collins was at the Court House waiting to file a domestic violence petition.

It is clear that, as the "on call" magistrate, Magistrate Verbage, had a duty to report to the Court House and consider Ms. Collins' domestic violence petition. In spite of this, Magistrate Verbage, who was apparently still sick, told the Operator to tell Ms. Collins that another magistrate would come on duty at 8:00 a.m., approximately an hour later, and to tell her to wait until the other magistrate showed up.

After speaking with Magistrate Verbage the 911 Operator contacted the magistrate who was to come on duty at 8:00 a.m. The other magistrate agreed to handle the case and by approximately 8:20 a.m. had arrived at the magistrate office and had taken care of the Collins' matter.

Because Magistrate Verbage refused to report to the Court House when called at 7:00 a.m. on Sunday, April 28, 1996, when he was on duty as the "on call" magistrate, the Chief Circuit Judge of Cabell County investigated the matter and reported it to the Judicial Investigation Commission. The Chief Judge's action resulted in the formal complaint being filed which gave rise to this proceeding.

█ In Syllabus Point 1 of *West Virginia Judicial Inquiry Commission v. Dostert,* 165 W.Va. 233, 271 S.E.2d 427 (1980), this Court stated:

The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings.

See also *Matter of Browning* 192 W.Va. 231, 452 S.E.2d 34 (1994). Further, in assessing whether sanctions should be imposed against a magistrate it is incumbent upon this Court to determine whether the allegations of the complaint against the magistrate have been proved by clear and convincing evidence. *In Re Pauley,* 173 W.Va. 228, 314 S.E.2d 391 (1983).

█ As previously indicated, Magistrate Verbage in the present proceeding is charged with violating five provisions of the Code of Judicial Conduct. First, he is charged with violating Canons 1 and 2 which provide:

Canon 1. A judge shall uphold the integrity and independence of the judiciary.

A. An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code

are to be construed and applied to further that objective.

Further:

Canon 2. A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities.

A. A judge shall respect and comply with the law, shall avoid impropriety and the appearance of impropriety in all of the judge's activities, and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Specifically the complaint against Magistrate Verbage alleges he violated the law in contravention of the Canons by refusing to comply with Rule 1 of the Administrative Rules for Magistrate Courts which clearly states that the on-call magistrate be available to act on domestic violence matters.

Magistrate Verbage is also charged with violating Canons 3A and 3B(2) and Canon 3B(8) for failing to report when contacted by the 911 Operator. The Canons in issue provide:

Canon 3. A judge shall perform the duties of judicial office impartially and diligently.

A. Judicial duties in general.—the judicial duties of a judge take precedence over all the judge's other activities. The judge's judicial duties include all of the duties of the judge's office prescribed by law. In the performance of these duties, the following standards apply.

B. Adjudicative Responsibilities.—

(2) A judge shall be faithful to the law and maintain professional confidence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.

\*   \*   \*   \*   \*   \*

(8) A judge shall dispose of all judicial matters promptly, efficiently, and fairly.

There is no dispute that Magistrate Verbage was on call at the time he received the 911 Operator's message, and that because he was on call he had a clear duty to report to the Magistrate Office and act on Ms. Collins' domestic violence petition in a timely manner. There is also no dispute over the fact that Magistrate Verbage did not report.

Given the circumstances of this case it does appear that the allegations against Magistrate Verbage have been proven by clear and convincing evidence. He violated Canon 1 by failing to observe the administrative standard requiring him to report as the on-call magistrate, and he violated Canon 2 by failing to show up when requested and when required to do so. Further, in this Court's opinion Magistrate Verbage's failure to appear tended to detract from, rather than promote, public confidence in the integrity and impartiality of the judiciary.

As previously noted, Canon 3 requires a judge or magistrate to perform the duties of a judicial office impartially and diligently and that he give precedence to his judicial duties over all his other activities. Magistrate Verbage in the Collins matter did not act diligently to address the judicial question which he, under the law, was required to address. Finally, under Canon 3B Magistrate Verbage was required to be faithful to the law and to dispose of all judicial matters promptly and efficiently. There is clear and convincing evidence in this case that he did not act promptly and efficiently.

In spite of all this the Court believes that the facts in the case are somewhat similar to, though distinguishable from, those involved in *Matter of Codispoti*, 186 W.Va. 710, 414 S.E.2d 628 (1992). In the *Codispoti* case the magistrate charged, like Magistrate Verbage, was physically sick. Magistrate Codispoti, however, specifically requested that another magistrate substitute for him and fulfill his duties. In that case the Court found that no violation of the Code of Judicial Conduct occurred because Magistrate Codispoti made reasonable efforts to fulfill his judiciary duties.

The case presently under consideration differs from the *Codispoti* case in that Magistrate Verbage took no positive action to arrange for a substitute to fulfill his duties. Nonetheless, there is substantial evidence that Magistrate Verbage was ill and that his on-call duties were scheduled to end very shortly after he received the 911 call. There

is also evidence that the scheduled replacement did promptly appear and did handle Ms. Collins' domestic petition in a reasonably prompt manner. It does not appear that Ms. Collins suffered any substantial detriment, other than possibly having to wait briefly, as a result of Magistrate Verbage's failure to comply with his judicial duties.

This Court believes that the circumstances of this case are such as to mitigate any sanction to be imposed against Magistrate Verbage and, accordingly, while finding that a technical violation of the Code of Judicial Ethics did occur, this Court after its independent consideration of the record concludes that it should adopt the recommendation of the Judicial Hearing Board and dismiss the complaint against Magistrate Verbage.

In reaching this conclusion the Court by no means wishes to suggest that domestic violence petitions, such as the one involved in this case, are of minor significance. The Court would like to reiterate what was said in Syllabus Point 6 of *Matter of Browning,* 192 W.Va. 231, 452 S.E.2d 34 (1994):

> Domestic violence cases are among those that our courts must give priority status. In West Virginia Code, 48–2A–1, *et seq.,* the West Virginia Legislature took steps to ensure that these cases are handled both effectively and efficiently by our law enforcement agencies and the judicial system.

We indicated in the *Browning* case that a magistrate is statutorily required to provide an individual with any assistance necessary to complete a domestic petition for a protective order and that, once the petition is completed, a magistrate must file the petition and promptly issue a protective order. The Court also indicated that under no circumstances should a victim of abuse be turned away from one magistrate without steps being taken to insure that the victim will receive prompt attention by another magistrate.

In the present case this Court believes that Magistrate Verbage was fortunate in that the on-call magistrate did promptly appear and address the issues raised by Ms. Collins' domestic violence petition. As the case turned out, Ms. Collins apparently suffered no serious damage as a result of Magistrate Verbage's failure to appear. As previously indicated, the fact that Magistrate Verbage was ill, the fact that another magistrate was scheduled to take his place in a very brief period, and did take his place and attend to Ms. Collins' petition promptly, and the fact that Ms. Collins suffered no substantial harm, all, in this Court's opinion, served to mitigate the imposition of a sanction against Magistrate Verbage. If the case had turned out otherwise, or if the particular facts detailed had not been present, this Court would be compelled to impose a severe sanction against Magistrate Verbage.

For the reasons stated, the recommendation of the West Virginia Judicial Hearing Board is adopted and the complaint instituting this judicial ethics proceeding is dismissed.

Dismissed.